## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ANDRE MOKHTARIANS,

      Plaintiff,

v.                                 Case No: 8:20-cv-1795-CEH-AAS

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

# O R D E R

This matter comes before the Court upon the Report and Recommendation of
Magistrate Judge Amanda Arnold Sansone [Doc. 24] and the Objections of Plaintiff
Andre Mokhtarians [Doc. 26]. Magistrate Judge Sansone has recommended that the
Court **AFFIRM** the decision of the Commissioner of Social Security denying
Plaintiff's claim for Supplementary Security Income. Plaintiff raises arguments as to
findings of the Administrative Law Judge. The Court, having considered the Report
and Recommendation and objections, and being fully advised in the premises, will
**ADOPT** the Report and Recommendation of the Magistrate Judge and **AFFIRM** the
decision of the Commissioner of Social Security denying Plaintiff's claim for
Supplementary Security Income.

## I.   BACKGROUND

Plaintiff Andre Mokhtarians applied for Supplementary Security Income (SSI)
on July 28, 2017. [Doc. 15-2 at 21; Doc. 15-3 at p. 3]. At the time he was thirty-seven

years old. [Doc. 15-3 at p. 2]. The application alleged that Plaintiff was disabled since March 1, 2017, due to back pain, mental health issues, diabetes, depression, obesity, and blood pressure. [Doc. 15-2 at 21; Doc. 15-3 at p. 3]. Upon review of the information in Plaintiff's case file, the disability examiner determined that disability cannot be established as Plaintiff was "capable of understanding and carrying out instructions, meeting general production and quality standards, and reporting to work on a regular and continuing basis." [Doc. 15-3 at p. 20. The application was denied around December 7, 2017. *Id.* Plaintiff's request for reconsideration was also denied. *Id.* at p. 39. In its Explanation of Determination, the Social Security Administration explained that Plaintiff's condition is not severe enough to keep him from working and that he was "still capable of performing work that requires less physical effort, and only a very short, on-the-job training period." *Id.* at p. 40.

Around March 7, 2018, Plaintiff requested a hearing by an Administrative Law Judge. [Doc. 15-4 at pp. 18-19]. The hearing was held before ALJ James P. Alderisio on June 17, 2019, who heard testimony from Plaintiff and vocational expert Beth Leitman. [Doc. 15-2 at pp. 21, 37-64]. After carefully reviewing the facts of the case, the ALJ made an unfavorable decision, concluding that Plaintiff was not disabled under section 1614(a)(3)(A) of the Social Security Act. *Id.* at pp. 18-31. In making this decision, he considered opinions from various medical consultants, including Catharina Beltink, Ph.D., Bevlyn Sagon, Ph.D., Linda Appenfeldt, Ph.D, Thomas Bixler, M.D., as well as Plaintiff's treating psychologist Gerard Boutin, Ph.D. Based on his review of the evidence, the ALJ found, among other things, that Plaintiff had

"the residual functional capacity to perform light work . . . that must consist of only one to two step instructions and no contact with the public and only occasional contact with coworkers;" that his statements concerning the intensity, persistence and limiting effects of his symptoms are not entirely consistent with the medical evidence and other evidence in the record; and that "considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [he] can perform." *Id.* at pp. 23-30. Plaintiff sought review of the decision from the SSA Appeals Council, and it was determined that his reasons did not provide a basis for changing the ALJ's decision. *Id.* at pp. 2-9.

Plaintiff then filed this action seeking review of the final administrative decision. [Doc. 1]. In the Joint Memorandum, Plaintiff requests a determination that the ALJ's decision is not supported by substantial evidence and a remand of the case for the ALJ to determine the weight to give to the unweighted opinion of Dr. Boutin. [Doc. 19 at p. 39]. He also requests that the Court find that Dr. Boutin's opinion should be given great weight, or, in the alternative, remand this case for a new hearing for the ALJ to redetermine the weight to give to Dr. Boutin's opinion. *Id.* He explains that Dr. Boutin rendered two opinions in 2018—in January and then in May—that are substantially similar, and that if the Court determines they are separate opinions and the finding applicable to one does not apply to the other, then the ALJ failed to determine what weight to give to one of the decisions and his decision is not supported by substantial evidence. *Id.* at pp. 15-16. He further argues that the ALJ failed to clearly articulate the reason for rejecting Dr. Boutin's opinion. *Id.* at pp. 19-31. As to Plaintiff's first

3

point, the Commissioner contends that the revised regulations explicitly dictate than an ALJ will evaluate multiple opinions from one doctor in a single analysis and that is precisely what the ALJ did here. *Id.* at pp. 17-19. As to the second point, the Commissioner contends that the persuasiveness of Dr. Boutin's opinions were properly evaluated and the ALJ correctly considered and applied the consistency and supportability factors set forth in the revised medical evidence regulations and found his opinions unpersuasive. *Id.* at pp. 32-39.

Magistrate Judge Sansone considered the issues and issued a Report and Recommendation recommending that the ALJ's decision be affirmed. [Doc. 24]. First, she found that under the current regulations, the ALJ was not required to articulate how it considered the factors for each medical opinion or prior administrative medical finding from one medical source individually and was required only to articulate how it considered the medical opinions from that source together in a single analysis— which the ALJ did in this case. *Id.* at pp. 6-10. She then found that the ALJ's conclusion that Dr. Boutin's medical opinions are unpersuasive is supported by substantial evidence, explaining that the ALJ clearly articulated why Dr. Boutin's mental health evaluations were inconsistent with other evaluations of Mr. Mokhtarians' mental health and unsupported by existing medical evidence in the record. *Id.* at pp. 10-13.

Plaintiff has filed objections. [Doc. 26]. He argues that there is no discussion of the findings in the longitudinal history that might help this court determine whether there is substantial evidence for the rejection of Dr. Boutin's opinion. *Id.* at p. 3.

4

Plaintiff further argues that the ALJ failed to discuss with specificity the inconsistency between the treating record and the opinion; that his failure to resort to community resources or the hospital is not a reasonable basis to reject Dr. Boutin's opinion; and that the rejection of the opinion is not supported by substantial opinion. *Id.* He requests that the Court remand the matter to the ALJ to reevaluate Dr. Boutin's opinion.

## II.   LEGAL STANDARD

Under the Federal Magistrates Act, Congress vests Article III judges with the power to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," subject to various exceptions. 28 U.S.C. § 636(b)(1)(A). The Act further vests magistrate judges with authority to submit proposed findings of fact and recommendations for disposition by an Article III judge. 28 U.S.C. § 636(b)(1)(B). After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). If specific objections to findings of facts are timely filed, the district court will conduct a *de novo* review of those facts. 28 U.S.C. § 636(b); *LoConte v. Dugger,* 847 F.2d 745, 750 (11th Cir.1988). If no specific objections to findings of facts are filed, the district court is not required to conduct a *de novo* review of those findings. *See Garvey v. Vaughn,* 993 F.2d 776, 779 n.9 (11th Cir.1993); *see also* 28 U.S.C. § 636(b)(1). In that event, the district court is bound to defer to the factual determinations of the magistrate judge unless those findings are clearly erroneous. *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994). Legal conclusions must be reviewed *de novo. Id.*

Furthermore, objections to a magistrate judge's report and recommendation must be "specific" and "clear enough to permit the district court to effectively review the magistrate judge's ruling." *Knezevich v. Ptomey*, 761 F. App'x 904, 906 (11th Cir. 2019).

## III.   DISCUSSION

Plaintiff raises issues as to the ALJ's determination that Dr. Boutin's opinion was unpersuasive. He states that there is no discussion of the findings in the longitudinal treatment history[1] that might help this court determine whether there is substantial evidence for the rejection of Dr. Boutin's opinion. The ALJ referenced the term longitudinal treatment history a few times in his decision. First, he found that "[t]he longitudinal treatment history fail[ed] to corroborate the alleged severity of the claimant's limitations from pain." [Doc. 15-2 at p. 26]. He reasoned that Plaintiff "relied mostly on occasional treatment from primary care providers" and that this "[t]reatment consisted only of conservative modalities." *Id.* In doing so, he cites various medical records, including reports from Kim B. Powers who saw Plaintiff on January 9, 2018, and March 5, 2019. [Doc. 15-7 at pp. 78, 205]. Both reports reflect that Plaintiff suffered from chronic pain in the left knee, neck, and low back. *Id.* The January 2018 report reflects that Plaintiff was instructed to use a heel lift under his right heel to help with inflammation and that changes were made to his prescribed

---

[1] "Longitudinal medical evidence refers to medical evidence covering a significant period that documents the claimant's medical history." SOCIAL SECURITY ADMINISTRATION, Program Operations Manual System (POMS), https://secure.ssa.gov/poms.nsf/lnx/0422505010.

medication. *Id.* at p. 78. When Plaintiff was seen in March 2019, changes were again made to his medication and an MRI of his lumbar spine was ordered. *Id.* at p. 205.

In his second reference, the ALJ found "[t]he longitudinal treatment history supports *some* of the claimant's allegations regarding psychological[] limitations, but it suggests fewer limitations than generally alleged." [Doc. 15-2 at p. 27]. He reasoned that while Plaintiff's willingness to seek treatment from specialists suggested his symptoms were genuine, his "treatment consisted only of conservative modalities such as therapy and medication management." *Id.* The ALJ cited progress notes from all thirteen sessions Plaintiff had with Dr. Boutin between June 13, 2013, and January 18, 2018. [Doc. 15-7 at pp. 108-153]. Those notes reflect various details about Plaintiff's medical conditions and medications, as well as Dr. Boutin's treating methods and impression of the characteristics of the session with Plaintiff. *Id.* Importantly, the reports also reflect that Dr. Boutin consistently indicated over the years that he would continue Plaintiff's current treatment plan and medication. *Id.*

As such, the ALJ made specific findings when he referred to Plaintiff's "longitudinal treatment history" and he cited to portions of the record supporting his findings. Based on this, the objection that "there is no discussion of the findings in the longitudinal treatment history that might help this [C]ourt determine whether there is substantial evidence for the rejection of Dr. Boutin's opinion," is without merit. Moreover, the Court notes that in rejecting Dr. Boutin's opinion as being inconsistent with the longitudinal treatment history, the ALJ "fully considered the medical opinions and prior administrative medical findings in [Plaintiff's] case[,]" including

7

records from Dr. Boutin, Dr. Appendelft, Dr. Eeltink, Dr. Sanon, and Dr. Bixler. [Doc. 15-2 at pp. 27-29]. He specifically explained some inconsistencies between Dr. Boutin's findings and other evidence in the record and pointed to specific evidence in the record supporting his determination. As such, the objection that there is no discussion of the findings is due to be overruled.

The Court further finds that there is substantial evidence supporting the ALJ's determinations. As Magistrate Judge Sansone pointed out, the medical opinions of Dr. Appenfeldt, Dr. Beltink, and Dr. Sagon were consistent. They generally determined that Plaintiff can sustain attention, follow simple instructions, and perform routine tasks for extended periods of time. [Doc. 15-3 at pp. 15-16, 34-35; Doc. 15-7 at p. 67]. Pursuant to the federal regulations, supportability by objective, relevant evidence and consistency with evidence from other medical sources "are the most important factors" ALJs consider when evaluating the persuasiveness of medical opinions. *See* 20 C.F.R. § 416.920c(b)(2), (c)(1–2).  Hence, the ALJ's determination that Dr. Boutin's opinion was not persuasive based on its inconsistency with the other opinions is supported by substantial evidence. *See Morgan v. Comm'r of Soc. Sec.*, 760 F. App'x 908, 911 (11th Cir. 2019) ("This Court has recognized that inconsistencies between a medical opinion and objective medical evidence can constitute substantial evidence for an ALJ's decision to discount the medical opinion.") (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir. 2004)).

In making his disability determination, the ALJ noted that "there is no evidence of emergency room visits or hospitalizations due to psychologically based symptoms

during the period at issue." [Doc. 15-2 at p. 26]. Plaintiff argues that there is no requirement that a claimant be hospitalized by psychological problems in order to be determined disabled. [Doc. 26 at p. 3]. It is clear from the ALJ's decision that this was just one factor considered in his decision. Moreover, Plaintiff has provided no authority indicating that his lack of hospitalization was an improper factor to consider. As to Plaintiff's arguments that the listing of impairments does not require hospital or ER visits in order to be disabled, the Court notes that in addressing what evidence is needed in order to evaluate the claimant's mental disorder, the federal regulation states that all relevant medical evidence is considered from the claimant's physician, psychologist, and other medical sources and that evidence is needed to assess the severity of the claimant's mental disorder. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1 (12)(c)(1), (2). The regulation does not prohibit the consideration of evidence that a claimed did not visit a hospital or ER. As such, the Court finds no merit to Plaintiff's arguments that it was an improper consideration and that this was the ALJ's attempted substitution of his own judgment.

In conclusion, the Court agrees with the Commissioner that the ALJ's determination that Dr. Boutin's opinion was not persuasive is supported by substantial evidence. The ALJ found that Dr. Boutin's opinion was not consistent with that provided by other practitioners who examined Plaintiff and this finding is amply supported by the record. The decision of the Commissioner is therefore due to be affirmed.

Accordingly, it is hereby **ORDERED**:

1. The Objections of Plaintiff Andre Mokhtarians [Doc. 26] to the Report and Recommendation of the Magistrate Judge are **OVERRULED**.

2. The Report and Recommendation of the Magistrate Judge [Doc. 24] is **ADOPTED**, **CONFIRMED**, and **APPROVED** in all respects and is made a part of this Order for all purposes, including appellate review.

3. The decision of the Commissioner of Social Security denying Plaintiff's claim for Supplementary Security Income is **AFFIRMED.**

4. The Clerk is directed to close this case.

**DONE AND ORDERED** in Tampa, Florida on March 14, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any